IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

LISA T. LEBLANC, *et al.*, )
)
    Plaintiffs, )
)
v. ) Case No. CIV-16-1026-D
)
TEXAS BRINE COMPANY, LLC., *et al.*, )
)
    Defendants. )

**O R D E R**

Before the Court is Texas Brine Company, LLC's ("Texas Brine") Motion to Stay Pending Appeal [Doc. No. 63].[1] Occidental Chemical Corporation ("Oxy") has opposed the Motion, which is fully briefed.

**Standard**

Under both Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a), "the factors regulating the issuance of a stay are . . . : (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "The first two factors . . . are the most critical. It is not enough that the chance of success on the

---

[1] Pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a), Texas Brine seeks "a stay of the portion of the Court's Order requiring production of documents and a privilege log for the documents identified in Topics 2-5, and 7 of the Subpoena." Reply [Doc. No. 67] at 3.

merits be better than negligible." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotation marks omitted).

**Discussion**

To make a strong showing that it is likely to succeed on the merits, Texas Brine must demonstrate that in its March 7, 2017 Order [Doc. No. 48] this Court "committ[ed] a legal error or relie[d] on clearly erroneous factual findings," or that there existed "no rational basis in the evidence for" granting in part and denying in part Texas Brine's Motion to Quash. *Trentadue v. F.B.I.*, 572 F.3d 794, 806 (10th Cir. 2009) (quoting *Breaux v. Am. Family Mut. Ins. Co.*, 554 F.3d 854, 866 (10th Cir. 2009); *see also Wood v. FBI*, 432 F.3d 78, 82 (2d Cir. 2005) (acknowledging that a district court's ruling regarding discovery is reviewed for abuse of discretion).

In its Motion, Texas Brine argues that the Court erred by misconstruing the scope of Louisiana's Attorney-Client Privilege when identifying many of the services provided by Frontier International Group, LLC ("Frontier") as "outside the realm of legal advice." Mot. [Doc. No. 63] at 5 (quoting Order [Doc. No. 48] at 9);[2] *see also* LA. CODE EVID. ANN. art. 506(A)(4).[3] However, Texas Brine provides no legal support in its Motion for its argument that the Court's interpretation of Louisiana's Code is "impossibly narrow[]". *Id.* Instead, Texas Brine criticizes the

---

[2] Texas Brine argues "compliance with the Court's Order will *necessarily* result[] in the disclosure of privileged documents as the Court has limited any privilege to communications 'solely for the purpose of obtaining legal advice' and those of a 'legal nature.'" Reply [Doc. No. 67] at 2 (quoting Order [Doc. No. 48] at 9, 10).

[3] "Louisiana defines a 'representative of the lawyer' as 'a person engaged by the lawyer to assist the lawyer in the lawyer's rendition of professional legal services.'" Order [Doc. No. 48] at 8 (quoting LA. CODE EVID. art. 506(A)(4)).

2

Court's reliance on established federal authority. *Id.* at 5-6.[4] Conversely, Oxy provides legal support for its Response in opposition, and the Court finds that law persuasive. *See* Resp. [Doc. No. 66] at 15 (quoting *Ferrand v. Schedler*, CIV. A. 11-926, 2012 WL 3016219, at *3 (E.D. La. July 23, 2012) ("[F]ederal common law and Louisiana statutory law are materially similar concerning the attorney-client privilege."); *Soriano v. Treasure Chest Casino, Inc.*, No. 95-3945, 1996 WL 736962, at *2 (E.D. La. Dec. 23, 1996) ("[T]he Court finds that common law and Louisiana statutory law are materially similar . . . in regards to attorney-client privilege.")).[5] Although Texas Brine attempts to distinguish these cases, the Court finds that Texas Brine still fails to demonstrate that the Court committed any legal or factual error in granting in part and denying in part its Motion to Quash.

Texas Brine also fails to show that it will be irreparably injured absent a stay. "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted). Citing *In re Perrigo Co.*, 128 F.3d 430 (6th Cir.

---

[4] "The parties cite no Louisiana case, and the Court has located none, which address this specific issue. Absent controlling law from the forum, the Court looks to other sources to analyze the extent of the privilege." Order [Doc. No. 48] at 8 (citing 8 J. Wigmore, *Evidence in Trials at Common Law* § 2292, at 554 (J. McNaughton rev. ed. 1961); *United States v. Brown*, 478 F.2d 1038, 1040 (7th Cir. 1973)); *see also Brown*, 478 F.2d at 1040 ("'What is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer. If what is sought is not legal advice . . . no privilege exists.'" (quoting *United States v. Kovel*, 296 F.2d 918, 922 (2d Cir. 1961)).

[5] The court in *Soriano* continues, "Under both legal definitions, the attorney-client privilege between an attorney and the client protects communications only to the extent the communications may disclose confidential information provided by the client for the purpose of facilitating legal advice." *Soriano*, 1996 WL 736962, at *2 (citing LA. CODE EVID. art. 506; *Wells v. Rushing*, 755 F.2d 376, 379 n.2 (5th Cir. 1985)).

3

1997),[6] Texas Brine argues that, absent a stay, it will be required to disclose privileged information. *Id.* at 7. However, the Court's Order did not require disclosure of any privileged materials. *See* Order [Doc. No. 48] at 11-12. Specifically, the Court ordered Texas Brine to produce relevant documents "subject to privilege screening and production of a log consistent with Fed. R. Civ. P. 26(b)(5)(A)." *Id.*[7] Further, and as noted by Oxy, "Texas Brine cites no authority suggesting that irreparable harm will result if it is forced to provide a privilege log for privileged documents." Resp. [Doc. No. 66] at 12.

Texas Brine also fails to establish that a stay will not result in substantial injury to Oxy, stating merely "there is no trial date or discovery deadlines in the underlying action." Mot. [Doc. No. 63] at 9. Acknowledging the absence of a trial schedule in the federal litigation, Oxy counters that "discovery obtained in one case [has been used] in all cases" arising out of the sinkhole occurrence, at both the federal and state levels, and "cases pending in Louisiana state court do have trial dates beginning this fall." Resp. [Doc. No. 66] at 13 (providing examples of "depositions that have been cross-noticed across all sinkhole cases" (*Id.* at 13 n.10)). Therefore, Oxy continues, "it is imperative that [Oxy] receives the discovery requested from Frontier now" because "[g]iven the size and complexity of Texas

---

[6] "[F]orced disclosure of privileged material may bring about irreparable harm." *Id.* at 437.

[7] Noting Texas Brine's failure to comply with Fed. R. Civ. P. 45(e)(2)(A), the Court found that "its objections [were] conclusory and [did] not provide detailed information about the requested documents that would allow the Court to more fully assess [its] claim." Order [Doc. No. 48] at 9 n.8.

Brine's 'response cost' claim, it is not feasible for [Oxy] to receive the discovery it needs at the last minute." Resp. [Doc. No. 66] at 12-13. The Court agrees. In light of the fact that Oxy has yet to receive any discovery materials (even those beyond the scope of the instant Motion) or a privilege log from Frontier (as initially required by Fed. R. Civ. P. 45, and later ordered by the Court pursuant to Fed. R. Civ. P. 26), the Court finds substantial injury could result from the requested stay.

Finally, Texas Brine has failed to establish that public interest lies in its favor. It is true that public interest is served where attorney-client privilege is protected. *See* Mot. [Doc. No. 63] at 9 (citing *Landry Scherer v. Latter*, No. Civ. A. 96-4189, 1998 WL 205417, at *2 (E.D. La. Apr. 27, 1998)). However, as discussed above, the Court's Order [Doc. No. 48] does not require the production of protected information, but rather relevant documents "subject to privilege screening and production of a log consistent with Fed. R. Civ. P. 26(b)(5)(A)." Order [Doc. No. 48] at 11-12. Further, public interest is also served when litigants are afforded "the right . . . to proceed in a timely manner toward an adjudication of their claims." Resp. [Doc. No. 66] at 15 (quoting *Sisters of Mercy Health Sys. v. Kula*, CIV-05-0115-F, 2006 WL 2090090, at *4 (W.D. Okla. July 25, 2006)). The sinkhole occurred in 2012, and "the federal-court action has been pending for nearly that long." Resp. [Doc. No. 66] at 13. Additionally, the time for production has already passed, and Texas Brine has failed to produce a privilege log or any relevant, non-privileged materials. Therefore, the Court finds that the public interest will be best served in this case by the production of documents as ordered.

**Conclusion**

For the above stated reasons, the Court finds that Texas Brine has failed to establish any of the four factors supporting a stay, and therefore, DENIES Texas Brine's Motion to Stay Pending Appeal [Doc. No. 63].

IT IS SO ORDERED this 1st day of May, 2017.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE